**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| AMANDA WELLS MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS Health Corporation, CVS Pharmacy, Inc., and CVS Specialty Pharmacy,<br><br>Defendants. | No. 2:26-cv-00080<br><br>**Jury Trial Demanded**<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiff Amanda Wells Mitchell ("Plaintiff" or "Mrs. Mitchell), individually and on behalf of all others similarly situated, by and through undersigned counsel, respectfully submits this Class Action Complaint against CVS Health Corporation, ("CVS"), CVS Pharmacy, Inc., ("CVS Pharmacy"), CVS Specialty Pharmacy, ("CVS Specialty"), (collectively, "CVS Defendants"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff bases her allegations on personal knowledge as to her own acts and circumstances, and on information and belief as to all other allegations, based on investigation by counsel.

## INTRODUCTION

1. This is a claim for actual, statutory, treble, and exemplary damages brought by the named Plaintiff, on her own behalf and on behalf of all others similarly situated, challenging the acts of Defendants for violations of the TCPA, which prohibits telephone solicitations and text messages to wireless telephone numbers as well as other unlawful conduct; Defendants' violations have

resulted in the invasion of privacy, harassment, aggravation and disruption of the daily life of thousands of Louisiana residents, including the Plaintiff, as well as persons outside of Louisiana.

2. Defendants have engaged in an unlawful practice of sending unsolicited political and advocacy text messages to consumers' cellular telephones without prior express consent. Defendants' violations were knowing, willful, and intentional, and were performed for the purpose of attempting to influence Louisiana residents regarding a voting issue in the Louisiana State Legislature. The violations did not arise from a bona fide error, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

**PARTIES**

3. Plaintiff Amanda Wells Mitchell is a resident of Tangipahoa Parish, State of Louisiana.

4. Defendant CVS Health Corporation is a Delaware cooperation licensed to do and doing business in the Louisiana, with its principal place of business at 1209 Orange Street, Wilmington, Delaware;

5. Defendant CVS Pharmacy, Inc., is a Rhode Island limited liability company licensed to do and doing business in Louisiana, with its principal place of business at 1 CVS Drive, Woonsocket, Rhode Island 02895;

6. Defendant CVS Specialty Pharmacy is a division of CVS Health Corporation and is wholly owned by CVS Pharmacy, Inc., with its principal place of business at 1 CVS Drive, Woonsocket, Rhode Island 02895.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute. This Court also has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2) and (6),

this Court has original jurisdiction because the aggregate claims of the putative Class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a resident of a different state than Defendants.

8. Venue is proper in this district under 28 U.S.C. § 1391, in that Plaintiff resides in this district, Defendants transact business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims and injuries occurred in this District.

9. Each Defendant is subject to personal jurisdiction in Louisiana because they continuously and systematically transact business within this state and purposefully avail themselves of Louisiana's laws and court system. Defendants' actions within this state give rise to Plaintiff's causes of action.

## DEFENDANTS' BUSINESS PRACTICES

10. All conditions precedent necessary for the bringing of this action have either been satisfied or excused by the conduct of the Defendants herein.

11. Beginning on or around June 11, 2025, Defendants targeted Plaintiff and thousands of class members with text messages, soliciting those persons to contact and direct their state representatives to vote against pending legislation that would impact the CVS Defendants.

12. The CVS Defendants were motivated for financial reasons to use their customers' data and personal health information when the CVS Defendants started sending a barrage of text messages to their customers and Louisiana residents urging them to contact legislators in opposition to a bill in the 2025 legislative session.

13. The bill at issue would have barred companies from owing both a Pharmacy Benefit Manager (PBM) and pharmacies. The CVS Defendants claimed that if this bill passed, then CVS would be forced to close its 119 stores in Louisiana.

14. The CVS Defendants utilized the personal and private healthcare information of thousands of CVS customers as part of their campaign to contact tens of thousands of Louisiana residents and potentially residents of other states.

15. The text messages sent to Plaintiff and the class members by the CVS Defendants falsely suggested that the recipient's health care rights were at risk, specifically their access to medication. Many of the recipients were elderly and/or like Plaintiff, who depended on these life-saving medications for their own health or the health of their family.

16. Beginning on or around June 11, 2025 (as shown below), the CVS Defendants sent or caused to be sent multiple text messages to Plaintiff and the class members.

17. One of the CVS Defendants, CVS Specialtiy Pharmacy, a division of CVS Health that provides medications and comprehensive clinical support for patients with rare or complex chronic conditions (e.g., cancer, rheumatoid arthritis, multiple sclerosis, and HIV), also sent text message to Plaintiff, and other class members as shown below.

## REPRESENTATIVE'S ALLEGATIONS

18. Plaintiff Amanda Wells Mitchell is a resident of Tangipahoa Parish, State of Louisiana, and a consumer who at all relevant times, possessed and used a cellular telephone number assigned to a wireless service.

19. Defendant CVS Pharmacy, Inc. ("CVS"), and Defendant CVS Specialty Pharmacy, Inc. ("CVS Specialty"), are corporations engaged in the business of retail and specialty pharmacy services throughout the United States, including Louisiana.

20. Defendants maintain and operate text messaging systems used to communicate with customers and patients regarding pharmacy-related matters, including prescription fulfillment, delivery notifications, and account administration.

21. CVS Pharmacy sent Plaintiff a text message stating, in substance, that "last minute legislation in Louisiana" threatened to close CVS pharmacies, could increase medication costs, and could cause pharmacists to lose their jobs.




22. The CVS Pharmacy text urged Plaintiff to "contact your elected officials;" and the message included a hyperlink directing Plaintiff to a CVS-controlled webpage designed to facilitate legislative advocacy.

23. The CVS Pharmacy text message was sent under the branding "CVS Pharmacy" and was not limited to specialty pharmacy services.

24. The CVS Pharmacy text message was not related to any active prescription, refill request, delivery, insurance claim, or pharmacy transaction involving Plaintiff.

25. The CVS Pharmacy text message constituted a general political advocacy communication directed broadly to CVS customers and the public at large.

26. Plaintiff did not provide consent to receive political or legislative advocacy text Messages from CVS Pharmacy.

27. As demonstrated by the "My alert preferences" shown below, the CVS Pharmacy text message exceeded the scope of any consent Plaintiff may have provided for routine pharmacy-related communications.




(full phone number redacted)

28. CVS Specialty Pharmacy sent Plaintiff multiple text messages on the same day

stating that "last minute legislation in Louisiana" would prohibit CVS Specialty from serving Plaintiff and thousands of others.




29. The CVS Specialty Pharmacy text messages expressly referenced Plaintiff's continued

access to specialty pharmacy services, stating that CVS Specialty "want[s] to continue serving you."

30. The CVS Specialty Pharmacy text messages urged Plaintiff to "contact your elected officials" and included hyperlinks to CVS Health's legislative "action center" specific to specialty pharmacy advocacy.

31. The CVS Specialty Pharmacy text messages were repetitive and substantially identical, indicating the use of an automated or bulk messaging platform.

32. Unlike the CVS Pharmacy text messages, the CVS Specialty Pharmacy text messages targeted Plaintiff in her capacity as a specialty pharmacy customer, implicitly referencing Plaintiff's medical treatment needs.

33. The CVS Specialty Pharmacy text messages were not transactional and were unrelated to any prescription order, delivery, refill, dosage, or medication safety communication.

34. Plaintiff did not provide prior express consent to receive political or legislative advocacy messages from CVS Specialty Pharmacy.

35. Any consent Plaintiff provided to CVS Specialty Pharmacy was limited to communications necessary to manage specialty medication therapy and related healthcare services.

36. CVS Specialty Pharmacy exceeded the scope of any permissible consent by using Plaintiff's cellular telephone number for political advocacy messaging tied to legislative outcomes affecting Defendants' business interests.

37. The CVS Pharmacy text message constituted a general corporate advocacy message sent to retail pharmacy customers.

38. The CVS Specialty Pharmacy text messages constituted targeted advocacy

communications sent to specialty pharmacy patients whose access to medically necessary treatment was implicitly invoked.

39. CVS Specialty Pharmacy's messages carried a heightened coercive effect by referencing Plaintiff's continued access to specialized medications, while CVS Pharmacy's message referenced general pharmacy availability and pricing.

40. CVS Specialty Pharmacy sent at least two messages, while CVS Pharmacy is believed to have sent only a single message, demonstrating a higher degree of automation and disregard for consent.

41. Both Defendants acted independently and through shared systems to transmit unauthorized political advocacy messages, giving rise to separate and distinct TCPA violations for each text message sent.

42. Each text message sent by CVS Pharmacy constitutes a separate violation of the Telephone Consumer Protection Act.

43. Each text message sent by CVS Specialty Pharmacy constitutes a separate violation of the Telephone Consumer Protection Act.

44. The CVS Specialty Pharmacy text messages caused additional intrusion and particularized harm due to their frequency, content, and exploitation of the specialty pharmacy patient relationship.

**CLASS ACTION ALLEGATIONS AND COMMON PRACTICES AS TO ALL CLASS MEMBERS**

45. The TCPA is a strict liability statute, which provides for actual or statutory damages upon

the showing of a single violation. Upon information and belief, the Defendants engaged in a common practice of sending bulk unlawful text messages to Class Members beginning on or around June 2025.

46. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and 23(b)(3), on behalf of herself and of all others similarly situated, constituting two (2) classes (the "Class"), defined below.

47. More specifically, the "CVS Class" is defined as follows:

> All persons who received one or more text message sent by or on behalf of the CVS DEFENDANTS relating to House Bill 358 during the period of June 1, 2025 through the date of the filing of this Complaint.

48. Plaintiff also brings this lawsuit on behalf of herself and the following proposed sub-class of individuals who were registered on the National Do Not Call Registry as defined by:

> All persons who received one or more text messages sent by or on behalf of the CVS DEFENDANTS relating to House Bill 358 during the period of June 1, 2025 through the date of the filing of this Complaint despite having been registered on the National Do Not Call Registry.

49. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment, amended complaint, or at the time Plaintiff moves for class certification.

50. Excluded from the Class are all Defendants as well as any of their officers, directors, employees, principals, agents, parents, subsidiaries, successors, assigns, partners, joint ventures, captive entities, or attorneys; the Judge(s) presiding in this case as well as any of the Judge's staff or immediate family members.

51. This action is properly maintainable as a class action.

52. Numerosity. The Class is so numerous that joinder of all members is impracticable.

Upon information and belief, Defendants sent violative text messages to cellular telephone numbers belonging to thousands of Louisiana residents regarding House Bill 358.

53. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of Class members is a matter capable of ministerial determination from Defendants' records.

54. Commonality and Predominance. Common questions of law or fact exist as to all Class members and predominate over any questions affecting only individual members. These common legal and factual question arise from the Defendants' uniform practice of sending violative text messages to Class members regarding House Bill 358. These questions of law and fact common to the Class include, but are not limited to, the following:

(a) Whether each Defendant engaged in the common practice described above;

(b) Whether Defendants violated the TCPA;

(c) Whether the Defendants violated 47 C.F.R. § 65.1200, *et seq.*;

(d) Whether Defendants violated the privacy rights of Plaintiff and members of the class; and

(e) Whether Defendants are liable for damages, and the amount of such damages.

55. All of the above common questions of law and fact predominate over individual questions. If Plaintiff's claim that Defendants have engaged in a texting campaign regarding House Bill 358 by transmitting text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

56. Adequacy of Representation and Typicality. Plaintiff will fairly and adequately protect the

interests of the members of the Class. Plaintiff's claims are typical of the claim of the Class because they arise from the same practices and course of conduct that give rise to the claims of the Class members and are based upon the same legal theories. Plaintiff does not have any interests adverse or antagonistic to the Class. Plaintiff has obtained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously, including by reviewing documents, asking questions, and following the counsel of her lawyers for the benefits of the Class she seeks to represent.

57. Superiority. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Members of the Class are likely to be unaware of their rights, and the damages or other financial detriment suffered by individual members of the Class are relatively small compared to the burden and expense occasioned by individual litigation of the claims of these members. It thus would be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if individual members could afford individualized litigation, the judicial system could not. Individual claims brought by members of the Class would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation also would increase the delay, expense, and burdens to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances of this case. Congress, in fact, intended class actions to be the principal enforcement mechanism under the TCPA.

58. The prosecution of separate actions by individual members of the Class would create

the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the parties opposing the Class.

59. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

**COUNT NO. 1**

**(VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, on behalf of the Class)**
**(Against all Defendants)**

60. Plaintiff repeats and re-alleges each allegation above as if fully set forth herein.

61. This claim is brought by Plaintiff individually and on behalf of the Class members.

62. Defendants, either on their own or in concert with one or more of their authorized agents, utilizing acquired lists of their own consumer phone numbers and confidential health information for the purpose of sending unsolicited and non-emergency text messages for their own monetary gain in order to influence a vote against pending legislation that would financially impact CVS/Caremark.

63. Defendants then sent thousands of unauthorized text messages, including but not limited to the messages copied above, to wireless telephone numbers belonging to the Class, including plaintiff Amanda Wells Mitchell. Defendants' text messages were made *en masse* and without the prior express consent of Plaintiff and the other members of the Class to receive such communications regarding proposed Louisiana legislations.

64. Defendants, therefore, violated the TCPA, including 47 U.S.C. §227(b)(1)(A)(iii). As a result of Defendants' conduct and pursuant to 47 U.S.C. §227(b)(3)(B), Plaintiff and Class members are entitled to, *inter alia,* a minimum of $500 in damages for each violation.

65. Moreover, because Defendants knowingly and willfully violated the TCPA, and had

knowledge that the Plaintiff and the Class did not give express consent to the receipt of wireless spam, the Court should, pursuant to 47 U.S.C. Section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and other Class members.

**COUNT NO. 2**

**(VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, on behalf of the Do Not Call Registry Sub-Class)**
**(Against all Defendants)**

66. Plaintiff incorporates by reference all of the foregoing allegations as if fully set for here.

67. As alleged hereinabove, Defendants sent thousands of unauthorized non-emergency and illegal text messages, including but not limited to, the messages copied above, to wireless telephone numbers belonging to the Class, including Plaintiff Amanda Wells Mitchell. Many of these Class members had been previously registered on the "Do Not Call" Registry pursuant to 47 U.S.C. § 227(c)., i.e., and are members of the Do Not Call Registry Sub-Class as defined above.

68. These Class members had been registered on the Do No Call Registry when they received Defendants the unlawful text messages copied above.

69. Defendants have therefore committed additional violations of the TCPA, including 47 U.S.C. §227(c). As a result of Defendants conduct, members of the Do Not Call Registry sub-class are each entitled to*, inter alia,* an additional $500, at a minimum for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Amanda Wells Mitchell, on behalf of herself and all Class members, prays for the following relief:

A. For an order declaring that the action is properly maintainable as a Class Action on behalf of the Class, as defined herein;

B. For an order appointing Plaintiff to serve as Class Representative;

C. An award of actual and statutory damages, where appropriate;

D. Punitive or treble damages according to statute or where otherwise appropriate;

E. An injunction requiring Defendants to cease all unauthorized wireless texts regarding political and advocacy text messages to consumers' telephones without prior express consent.

F. That Plaintiff and the Class be awarded court costs and all other relief as this Court may deem just and proper.

G. An award of reasonable attorneys' fees and costs; and

H. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals and/or companies contracted, hired, or directed by Defendants to assist in sending the alleged communications.

Dated: January 14, 2026

Respectfully submitted,

By: *Loren D. Shanklin*
Loren D. Shanklin (La. Bar Roll No. 33366)
Shanklin Sosa, LLC
1737 Oakdale Drive
Baton Rouge, LA 70810
T: 225.223.6333
F: 225.612.1582

E: service@sinjurylaw.com;
loren@sinjurylaw.com

Eric J. O'Bell (La. Bar No. 26693)
O'BELL LAW FIRM, LLC
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8677
Facsimile: (504) 456-8653
ejo@obelllawfirm.com

MARCUS J. PLAISANCE, 33316
MARK D. PLAISANCE, 23259
PLAISANCE LAW, LLC
450 Laurel Street, Suite 1450
Baton Rouge, Louisiana 70801
Telephone: (225) 775-5297
Facsimile: (888) 820-6375
Email: marcus@plaisancelaw.com
mark@plaisancelaw.com
*Attorneys for Plaintiff Amanda Wells Mitchell*